UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Nicole Marie Serafini,

                              Plaintiff,

        v.

Commissioner of Social Security,

                              Defendant.

**Decision and Order**

18-CV-817 HBS
(Consent)

## I. INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 8, hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 9, 17.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Disability Insurance Benefits under Title II, or Supplemental Security Income under Title XVI, of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry, supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Plaintiff challenges the Appeals Council's rejection of the evidence of lymphoma that came after the ALJ's decision. On December 8, 2014, plaintiff applied for DIB and SSI benefits. [8-6 at 2, 8.] In her application, plaintiff listed six medical conditions that limited her ability to work: attention deficit hyperactivity disorder; disc herniations; anxiety; bipolar disorder; "other mental disorders"; and "chemical dependency issues." [8-7 at 7.] At the hearing on May 1, 2017, the ALJ took testimony related to the listed medical conditions. [8-3 at 21–57.] Plaintiff had not yet been diagnosed with lymphoma, and no symptoms pertaining to lymphoma were discussed at the hearing. The ALJ proceeded to issue a decision on June 23, 2017 concluding that some of the listed medical conditions constituted severe impairments but that plaintiff was capable of performing light work. [8-3 at 5–14.] In December 2017, plaintiff was hospitalized at Roswell Park Cancer Institute and diagnosed with Hodgkin's lymphoma. [8-2 at 28.] Plaintiff submitted her records from Roswell Park to the Appeals Council. The Appeals Council rejected the records because the "additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you are disabled beginning on or before June 23, 2017." [8-2 at 3.] Plaintiff criticizes this rejection. "On a totally surface level, it would appear that Plaintiff's cancer diagnosis took place after the ALJ's decision, therefore it would not be relevant. But such a surface evaluation would not be appropriate here . . . . When Plaintiff's lymphoma was diagnosed, it had already spread extensively to the point it was considered 'advanced stage.' (Tr. 59). It was affecting her internal organs, soft tissue, and skeleton. (Tr. 59). Simply put, that cancer did not start in December 2017—it is reasonable to presume that her cancer did exist just six months prior when the ALJ made his decision. Thus, it was improper for the Appeals Council to reject this life changing health event simply because of the date of the record." (Dkt. No. 9-1 at 12.) The Commissioner responds that "Plaintiff's Hodgkin's lymphoma was described as 'newly diagnosed' in December 2017 (Tr. 10). And, Plaintiff

4

points to no doctor's statement or other such evidence that her disease had started six months earlier. While Plaintiff's later diagnosis is very serious and tragic, Plaintiff has not carried her burden to show that the cancer treatment records pertain to the relevant period." (Dkt. No. 17-1 at 17.)

This case presents a close call, but plaintiff has the better argument here. The Commissioner, through the Appeals Council or otherwise, has the ability to review or to reopen a claim based on new and material evidence. *See* 42 U.S.C. § 405(g); 20 C.F.R §§ 404.970(a)(5), 416.1470(a)(5), 404.988(b), 416.1488(b), 404.989(a)(1), 416.1489(a)(1). "The Social Security Act provides that a court may order the Secretary to consider additional evidence, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Thus, an appellant must show that the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. Finally, claimant must show (3) good cause for her failure to present the evidence earlier." *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (internal quotation marks and citations omitted). Additionally, "we have determined that when, as in this case, a diagnosis emerges after the close of administrative proceedings that sheds considerable new light on the seriousness of a claimant's condition, evidence of that diagnosis is material and justifies remand." *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 44 (2d Cir. 1991) (citations omitted). Critically for plaintiff, the case law addressing material evidence and the seriousness of "a claimant's condition" does not appear to limit the "condition" in question to the specific bases for disability that plaintiffs list in their original applications. New and material evidence that at least has some

5

origin during the relevant time period and that potentially affects the Commissioner's assessment of the claimant's *overall* condition should receive appropriate review. *See Pollard v. Halter*, 377 F.3d 183, 194 (2d Cir. 2004) (remand required where new evidence "may identify additional impairments which could reasonably be presumed to have been present") (internal quotation marks and citation omitted); *see also Tolany v. Heckler*, 756 F.2d 268, 272 (2d Cir. 1985) ("Here a treating physician has for the first time diagnosed a neurological cause of Tolany's serious condition, which had previously been assessed and treated only as a urological impairment. Her condition must now be assessed in relation to the neurological impairments listed in Appendix 1, §§ 11.00–11.19."). Here, plaintiff applied for benefits based on attention deficit hyperactivity disorder; disc herniations; anxiety; bipolar disorder; "other mental disorders"; and "chemical dependency issues." Hodgson's lymphoma would not appear to be directly related to these conditions. If no clinical information related to Hodgson's lymphoma appeared in the record then plaintiff's new diagnosis would not be material to any condition addressed at the agency level. *See, e.g., Goins v. Comm'r*, No. 12 CIV. 9204 RA KNF, 2014 WL 2180536, at \*7 (S.D.N.Y. May 20, 2014) ("Thus, any medical conditions that developed subsequent to the ALJ's decision, which do not pertain to the conditions for which Goins had been treated and examined during the period at issue, are not material to her condition during the relevant period."), *report and recommendation adopted*, No. 12-CV-9204-RA, 2014 WL 3375009 (S.D.N.Y. July 8, 2014). The record does show, however, that on July 19, 2016, plaintiff was hospitalized for contact dermatitis, heat rash, and mediastinal lymphadenopathy. [8-13 at 33.] Records from Roswell Park from December 2017 also mention "marked lymphadenopathy" and its impact on plaintiff's cardiac silhouette. [8-2 at 65.] These records suffice to show that plaintiff had a significant condition nearly a year before the ALJ issued his determination. The Court lacks the medical expertise to rule out categorically that plaintiff's lymphadenopathy in 2016 had some

6

indirect impact on her overall condition or on the conditions that she reported in her application. *Cf. Snider v. Comm'r*, 328 F. Supp. 2d 703, 710 (E.D. Mich. 2004) (remand required where a new "report constitutes the first objective evidence that documents a closed head injury that includes cognitive deficits.  It diagnoses dementia and confirms impairments in areas not previously discussed by the treating doctors, namely problems with concentration, attention, abstract reasoning, visual and motor ability, and verbal memory."); *Pickard v. Comm'r*, 224 F. Supp. 2d 1161, 1171 (W.D. Tenn. 2002) (remand required where new "evidence is arguably probative of Pickard's condition during the relevant time period").  Given the non-adversarial nature of Social Security proceedings, plaintiff should have an opportunity to show the ALJ why she thinks that the Roswell Park records would change the Commissioner's overall determination.

In requiring remand, the Court takes no position on what the Commissioner ultimately should decide about the Roswell Park records, so long as the position is supported by substantial evidence.  The Court also will not, at this time, address the other issues that the parties have raised.

## III. CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 17).  The Court grants plaintiff's cross-motion (Dkt. No. 9) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order.  The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

                                                  __/s Hugh B. Scott_____
                                                    Hon. Hugh B. Scott
                                                    United States Magistrate Judge

DATED: October 23, 2019